UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EGBERTO DEJESUS-VASQUEZ,

                             Plaintiff,

        v.

RAMON BETHENCOURT, JR., *et al.*,

                             Defendants.

No. 19-CV-967 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      On March 4, 2020, the Court granted Defendants' Motions To Dismiss. (Dkt. No. 52.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an amended complaint addressing the deficiencies identified in the Opinion & Order. (*Id.*) On May 5, 2020, the Court granted Plaintiff's request for an extension of time, providing until June 5, 2020 to file an amended complaint. (Dkt. No. 54.) On May 18, 2020, the Court provided Plaintiff a further extension of time to June 26, 2020 to file an amended complaint, and warned that the case may be dismissed if Plaintiff failed to comply. (Dkt. No. 56.) On June 29, 2020, the Court provided Plaintiff "up to July 27, 2020" to file an amended complaint or "risk dismissal of this Action." (Dkt. No. 60.) On July 14, 2020, the Court again extended Plaintiff's deadline to July 31, 2020. (Dkt. No. 62.) On September 22, 2020, the Court issued an Order To Show Cause, ordering the Plaintiff to show cause by no later than October 23, 2020 as to why Plaintiff's case should not be dismissed for failure to prosecute. (Dkt. No. 63.) Plaintiff replied requesting a further extension of time, (Dkt. No. 64), and the Court ordered that "Plaintiff must file an amended complaint by November 6, 2020 or risk dismissal of this Action," (Dkt. No. 65). On November 17, 2020, the Court issued a second Order To Show Cause, ordering Plaintiff to

show cause by no later than December 17, 2020 as to why Plaintiff's case should not be dismissed for failure to prosecute. (Dkt. No. 66.) Plaintiff twice wrote requesting a further extension of time, (*see* Dkt. Nos. 67, 69), and the Court twice extended Plaintiff's deadline to file an amended complaint, first to January 7, 2021, (Dkt. No. 68), and then to February 19, 2021, (Dkt. No. 70). On March 4, 2021, the Court entered a third Order To Show Cause, ordering Plaintiff to show cause by no later than April 5, 2021 as to why Plaintiff's case should not be dismissed for failure to prosecute. (Dkt. No. 71.) Again, Plaintiff twice wrote requesting a further extension of time, (*see* Dkt. Nos. 72, 74), and the Court twice extended Plaintiff's deadline, first to May 10, 2021, (Dkt. No. 73), and then to June 17, 2021, (Dkt. No. 75). On June 24, 2021, Plaintiff wrote a letter updating his address. (Dkt. No. 78.) This letter did not request a further extension of time. (*Id.*) On June 28, the Court entered a fourth Order To Show Cause, ordering Plaintiff to show cause by no later than July 28, 2021 as to why his case should not be dismissed for failure to prosecute. (Dkt. No. 79.) This Order was mailed to Plaintiff's new address. (*See* Dkt. (entry for June 28, 2021).) Plaintiff has not shown cause, filed an amended complaint, or otherwise communicated with the Court.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of New York*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case. Plaintiff was first offered the opportunity to file an amended complaint on March 4, 2020—more than 16 months ago. (*See* Dkt. No. 52.) Plaintiff was instructed at least five times that a failure

3

to file an amended complaint or to show cause as to why this case should not be dismissed may result in dismissal.  (*See* Dkt. Nos. 52, 63, 66, 71, 79.)  Plaintiff has failed to comply with these Orders.  Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

      The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   August 10, 2021
          White Plains, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE